UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

ANTHONY W. HALL,

Debtor.

Chapter 7

Case No. 19-47447-ess

---

ANTHONY W. HALL,
*a/k/a* ANTHONY WINSTON HALL,

Plaintiff,

-against-

INTERNAL REVENUE SERVICES,

Defendant.

Adv. Pro. No. 20-01010-ess

---

MEMORANDUM DECISION ON MOTION TO DISMISS OF
DEFENDANT UNITED STATES OF AMERICA, APPEARING ON BEHALF OF
INTERNAL REVENUE SERVICES

*Appearances:*

Anthony W. Hall
654 Macon Street
Brooklyn, NY 11233
*Plaintiff, pro se*

Noah Daniel Glover-Ettrich, Esq.
United States Department of Justice, Tax Division
P.O. Box 55, Ben Franklin Station
Washington, DC 20044

Marie Wicks, Esq.
United States Department of Justice, Tax Division
P.O. Box 55, Ben Franklin Station
Washington, DC 20044
*Attorneys for Defendant*
*United States of America*

May 11, 2021

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

Plaintiff Anthony W. Hall commenced this adversary proceeding against the United States Internal Revenue Service (the "IRS") in connection with a levy action arising out of his 2014 federal tax return and liability.[1] He seeks a determination of the validity, priority, and extent of any liens that are claimed by the IRS, and also seeks a declaratory judgment that the IRS does not have a valid lien or levy against him. Mr. Hall asserts that the IRS does not have a valid lien because, in substance, he did not owe any taxes for the 2014 tax year and a refund of $851,908 was due to him. And he claims that civil penalties imposed by the IRS do not constitute tax payments arising from an assessment of income tax liability.

Before the Court is a motion to dismiss this adversary proceeding filed by the United States, incorrectly named in this action as the Internal Revenue Service. The United States brings this motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012(b).

## Jurisdiction

This Court has jurisdiction over this matter pursuant to Judiciary Code Sections 157(b)(1) and 1334(b), and the Standing Order of Reference dated August 28, 1986, as amended by the Order dated December 5, 2012, of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. § 1409. "Core proceedings include, but are not limited to . . .

[1] Mr. Hall names the "Internal Revenue Services" as the defendant in this action. The United States notes in its motion to dismiss that the United States, not the IRS, is the proper defendant here, and it appears here on behalf of the IRS.

matters concerning the administration of the estate;" "allowance . . . of claims against the estate," "orders to turn over property of the estate," and "determinations of the validity, extent, or priority of liens;" among other types of claims. 28 U.S.C. § 157(b)(2)(A), (B), (E), (K). And as core matters, this Court has constitutional authority to enter a final judgment, because Mr. Hall's claims stem "from the bankruptcy itself." *Stern v. Marshall*, 564 U.S. 462, 499 (2011). *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 685 (2015).[2]

**Background**

Mr. Hall's dispute with the Internal Revenue Service and the United States arising from his 2014 federal tax return has a long history leading up to the filing of this adversary proceeding, including an action in the United States District Court for the Eastern District of New York and two bankruptcy cases in this Court. In order to provide some context for Mr. Hall's claims in this action and the United States' arguments on this Motion to Dismiss, some aspects of that background are summarized here.

*Mr. Hall's District Court Action*

On April 27, 2016, Mr. Hall, acting *pro se*, commenced an action in the United States District Court for the Eastern District of New York against the United States, the IRS, the U.S.

---

[2] The United States indicates that "[b]ecause the United States wishes to preserve any right it possesses to review by the district court, it does not consent to the Court's entry of final orders or judgments in this case to the extent such consent is required." Def's Supp. Regarding Consent, ECF No. 31 at 5. *See* Mot., ECF No. 14 at 12 (the United States "does not consent to entry of final orders or judgment by the bankruptcy court.")

In the event that these matters are determined not to be core proceedings, this Memorandum Decision and accompanying Order may be treated as proposed findings of fact and conclusions of law submitted by the bankruptcy court to the district court pursuant to Judiciary Code Section 157(c)(1), and "any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

Department of the Treasury, and IRS employees Mary Ann Acone and Natalie Cassadine. *Hall v. United States*, 1:16-cv-02073-MKB-JO (E.D.N.Y.) (the "District Court Action"), ECF No. 1 ("Dist. Ct. Compl."). In that action, Mr. Hall attempts to assert claims for unconstitutional theft of proprietary interest in his private property, wrongful and unreasonable imposition of a tax jeopardy levy, unlawful declaration of his Form 1040 federal income tax return for 2014 as frivolous, unlawful declaration of his tax refund for that year as frivolous, and intentional refusal to adhere to established principles of law governing discharge of promissory notes and bonds held by a federally chartered depository institution. Dist. Ct. Compl. ¶ 1.

Mr. Hall stated his claims as claims for declaratory relief under Sections 1982 and 1983 of Title 42 of the United States Code, and sought a determination that the IRS jeopardy levy was unlawful and unreasonable and should be set aside and quashed. Dist. Ct. Compl. ¶ 2. He asserted that the defendants' determination that his December 2014 Form 1040 federal tax return and subsequent refund as frivolous was unreasonable, and further, that the defendants ignored the facts and the law that he relied upon. Dist. Ct. Compl. ¶ 3. For these reasons, he asserted, and as a consequence, the IRS's jeopardy levy and seizure of his funds should be quashed. *Id*. And Mr. Hall claimed that the defendants acted willfully, unlawfully, all in violation of Section 1983, and as such "exposed [him] to the suffering of incalculable losses, including but not limited to emotional stress, continuing anxiety and economic uncertainty." Dist. Ct. Compl. ¶ 11.

On September 27, 2016, the defendants moved to dismiss the District Court Complaint on several grounds, including lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1), and failure to state a claim upon which relief may be granted pursuant to Federal Rule 12(b)(6).

As set forth in the declaration of Natalie Cassadine, revenue officer for the IRS, filed in support of the Motion to Dismiss here and in the District Court, on April 15, 2015, Mr. Hall filed a federal income tax return for the 2014 tax year.  Cassadine Decl., ECF No. 14-2, ¶ 4.  In his 2014 federal tax return, Mr. Hall reported $3,192,142 of "other income" and $2,008,142 of tax withholding, and claimed a refund of $851,908.  *Id*.

The IRS issued Mr. Hall a refund check totaling $863,823.43, corresponding to his claimed refund plus interest in the amount of $11,915.43.  Cassadine Decl. ¶ 5.  Mr. Hall deposited the refund check into an account with JP Morgan Chase Bank NA ("Chase") at a branch located in Indiana, and thereafter, transferred a portion of the refund into an account in the name of the "Hall Sovereign Irrevocable Private Trust."  Cassadine Decl. ¶¶ 5, 7.

One year later, the IRS determined that Mr. Hall's 2014 tax return was "frivolous," and his claimed income and withholding was false and "grossly overstated."  Cassadine Decl. ¶ 6. As a consequence, on April 13, 2016, the IRS's "Frivolous Return Program made a quick assessment in the amount of $1,022,289.60, representing tax of $851,908 plus accrued interest." Cassadine Decl. ¶ 7.  That is, as explained in Ms. Cassadine's declaration, the IRS determined that Mr. Hall reported income that he did not earn and withholding that he did not pay, in order to secure a large and fraudulent tax refund to which he was not entitled.

Promptly thereafter, the IRS issued a jeopardy levy and a jeopardy alter ego levy to Chase in an attempt to recover the fraudulent refund from Mr. Hall's accounts there.  Cassadine Decl. ¶ 8.  In response, as set forth in Ms. Cassadine's declaration, "Chase issued a letter dated April 20, 2016 to Hall advising him that holds were placed on two accounts at the bank as of April 19, 2016, in the amounts of $8,012.88 and $1,152.79, respectively."  Cassadine Decl. ¶ 12. On April 14, 2016, the IRS also issued Mr. Hall a "Letter 2439, Notice of Jeopardy Levy and

Right of Appeal," which explains the administrative review options under Internal Revenue Code ("IRC") Section 7429.  Cassadine Decl. ¶ 9.

The District Court granted the defendants' motion to dismiss the District Court Complaint by Memorandum and Order entered on July 13, 2017.  The District Court found that it lacked subject matter jurisdiction over Mr. Hall's challenge to the jeopardy levy under IRC Section 7429 because he "neither alleged in the Complaint nor argued in opposition to Defendants' motion that he exhausted the administrative procedures in section 7429(a) before filing suit on April 27, 2016.  The Court therefore lacks subject matter jurisdiction over Plaintiff's claim under [IRC] section 7429."  *Hall v. United States*, 2017 WL 2992097, at *3 (E.D.N.Y. July 13, 2017).  The District Court also found that Mr. Hall did not have a cause of action under IRC Section 7426, on grounds that relief under that Section "is limited to third parties who claim an interest in the levied property."  *Hall*, 2017 WL 2992097, at *4.  In conclusion, the District Court noted that "it is unlikely that [Mr. Hall] exhausted his administrative remedies, since [he] filed this action within days of receiving the Notice of Jeopardy Levy from the IRS," but nevertheless, granted him "leave to amend the Complaint if he filed an administrative appeal of his jeopardy levy under section 7429 and could allege sufficient facts to show that he exhausted his remedies prior to filing suit in federal court."  *Id*.

On August 21, 2017, Mr. Hall filed an amended complaint in the United States District Court for the Eastern District of New York, seeking injunctive and declaratory relief under the Fourteenth Amendment's Due Process Clause, as well as a determination and declaration that the specific portions of Internal Revenue Code Sections 7429(a)(2) and (a)(3) constitute impermissible Article III judicial review.  District Court Action, ECF No. 17 ("Dist. Ct. Am. Compl.") ¶ 4.  In the District Court Amended Complaint, Mr. Hall also seeks a determination

and entry of an order quashing the assertedly unlawful institution of a jeopardy levy and a release of all holds, liens, and restraints currently in place on his bank accounts.

On September 12, 2017, the defendants moved to dismiss the District Court Amended Complaint. They argued again that the District Court lacked subject matter jurisdiction pursuant to Federal Rule 12(b)(1), and that Mr. Hall did not state a claim upon which relief may be granted pursuant to Federal Rule 12(b)(6).

On March 1, 2018, U.S. Magistrate Judge James Orenstein issued a Report and Recommendation on the defendants' motion to dismiss the District Court Amended Complaint. At the outset, the court noted that "because Hall is proceeding without counsel, I construe his arguments liberally to make the strongest arguments they suggest." District Court Action, ECF No. 21, slip op. at 1. The court found:

> When the court dismissed Hall's first Complaint, it did so without prejudice so that Hall would have an opportunity to allege, as he now knows he must, that he had exhausted his administrative remedies prior to filing suit. . . . The Amended Complaint, however, asserts no such facts. As a result, this court lacks subject matter jurisdiction over Hall's claims, and should therefore again dismiss Hall's claims. Moreover, because Hall has failed to cure the jurisdictional defect even after the court explained it to him, any further opportunity to amend would be futile. I therefore respectfully recommend that the court dismiss the Amended Complaint with prejudice for lack of jurisdiction.

District Court Action, ECF No. 21, slip op. at 3-4.

As to the question of dismissal with prejudice, Magistrate Judge Orenstein found that "because Hall has failed to cure the jurisdictional defect even after the court explained it to him, any further opportunity to amend would be futile," and recommended that "the court dismiss the Amended Complaint with prejudice for lack of jurisdiction." District Court Action, ECF No. 21, slip op. at 3.

By Memorandum and Order dated March 16, 2018, District Judge Margo Brodie adopted

the Report and Recommendation except as to the recommendation that the action be dismissed with prejudice. Noting that the Second Circuit has held that a "'dismissal for failure to exhaust available administrative remedies should be 'without prejudice' as we have previously ruled,'" the District Court granted the defendants' motion to dismiss and dismissed the District Court Action without prejudice. District Court Action, ECF No. 24, slip op. at 3 (quoting *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009). And on March 19, 2018, the District Court entered a Judgment dismissing Mr. Hall's case without prejudice. Case No. 16-CV-2073, ECF No. 25. Mr. Hall did not appeal from that judgment. Answer, ECF No. 6 at 2.

*Mr. Hall's First Bankruptcy Case*

On March 29, 2019, just over one year after judgment was entered in the District Court Action, Mr. Hall filed a petition for relief under Chapter 13 of the Bankruptcy Code in this Court. Case No. 19-41899, ECF No. 1. On May 17, 2019, the Chapter 13 Trustee filed a Motion to Dismiss the Case on grounds, among others, that Mr. Hall's Chapter 13 plan could not be confirmed. On June 3, 2019, the Court held a hearing on the Chapter 13 Trustee's motion to dismiss and a confirmation hearing at which the Trustee appeared and was heard, the motion to dismiss was granted, and the Chapter 13 Trustee was directed to settle a proposed order of dismissal on Mr. Hall and any other parties entitled to notice. No opposition to the entry of the proposed order dismissing Mr. Hall's Chapter 13 bankruptcy case was filed, and on August 6, 2019, the Court entered an order dismissing the case. Mr. Hall did not appeal from that order.

*Mr. Hall's Present Bankruptcy Case*

Some four months after the dismissal of his first Chapter 13 bankruptcy case, on December 11, 2019, Mr. Hall filed a petition for relief under Chapter 13 of the Bankruptcy Code.

Case No. 19-47447, ECF No. 1. On January 6, 2020, upon Mr. Hall's request, his case was converted to one under Chapter 7 of the Bankruptcy Code.

On April 8, 2020, Select Portfolio Servicing, Inc. ("SPS") filed a motion for relief from the automatic stay. By that motion, SPS seeks an order permitting it to pursue its rights under applicable law with respect to its collateral, Mr. Hall's real property and home at 654 Macon Street in Brooklyn. In response, on June 22, 2020, Mr. Hall filed a cross motion in opposition to SPS's stay relief motion, and a request to enter into this Court's Loss Mitigation Program. Mr. Hall's request to enter into the Loss Mitigation Program was unopposed, and on July 9, 2020, the Court entered an order directing Mr. Hall and SPS to participate in loss mitigation with respect to the 654 Macon Street property. From time to time, and on March 16, 2021, the Court has held loss mitigation status conferences at which Mr. Hall and SPS have appeared, and continued hearings on SPS's stay relief motion, which was held in abeyance during the pendency of loss mitigation. At the March 16, 2021 status conference, the Court terminated the loss mitigation proceedings, and the loss mitigation status conference was marked off the calendar.

*This Adversary Proceeding*

On January 22, 2020, Mr. Hall commenced this adversary proceeding by filing a complaint against the Internal Revenue Service "and their successors and/or assigns." Compl. ¶ 1. He also "hereby names all Defendants, known and unknown, that may be claiming by, though, and under such persons, any legal or equitable right, title, estate, lien, or interest in the Subject Property." Compl. ¶ 10. And he seeks relief against "[u]nknown Defendants 1 through 100," which "are corporate entities and/or individuals that may have a legal interest in the promissory note, deed of trust, and assignments of the subject property." Compl. ¶ 11.

In the Complaint, Mr. Hall seeks a determination of the validity, priority, and extent of

any liens held by the Defendant as well as a declaratory judgment that the Defendant does not have a valid lien or levy against Mr. Hall, his property, or the property of the bankruptcy estate. Compl. ¶ 1.

He asserts, in substance, that the Defendant does not have a valid lien or secured claim against him, his property, or the property of the bankruptcy estate because "[a]ny alleged tax lien or levy by the Defendant were not tax payments arising from an assessment of income tax liability under 26 U.S.C. § 6303, including but not limited to, the Uniform Commercial Code and the New York Uniform Commercial Code;" and "Defendant's lien can only be imposed under 26 U.S.C. § 6321 [which] provides that a lien may be imposed 'upon all property and rights to property . . . belong to 'a taxpayer who has failed to pay taxes owed after *assessment and demand*." Compl. ¶¶ 3(a), 3(b).

For his Count One, Mr. Hall states that "Defendant does not have a valid lien," and for his Count Two, Mr. Hall states that "Civil Penalties are not tax payments." Compl. pp. 4, 5. He asks the Court for several forms of relief, as follows:

> A. Enter judgment in favor of Plaintiff and against Defendant, finding that Defendant does not have a valid lien that attached to the debtor, the debtor's property and/or the property of the estate.
>
> B. Enter judgment in favor of Plaintiff, that civil penalties do not constitute tax payments arising from an assessment of income tax liability under 26 U.S.C. § 6303.

Compl. p. 5. Mr. Hall also requests judgment severally against the Defendant for actual, statutory, punitive, and treble damages, costs, interest and attorney fees, and an injunction. Compl. pp. 5, 6.

On February 26, 2020, the United States filed an Answer to the Complaint. ECF No. 6. In its Answer, it raises several defenses, including that (1) Mr. Hall should be estopped from

continuing with this action; (2) the Complaint is barred by the doctrine of sovereign immunity; (3) Mr. Hall's claims are barred by the statute of limitations; (4) the Complaint fails to state a claim upon which relief can be granted; (5) Mr. Hall lacks standing to bring this action; (6) this action is prohibited by the Declaratory Judgment Act and the Anti-Injunction Act, the Court lacks subject-matter jurisdiction to hear these claims, and the United States does not consent to entry of final orders or judgment by this Court; and finally, (7) Mr. Hall has failed to exhaust his administrative remedies.  And separately, the United States asserts a general defense and denial of the allegations in the Complaint, except to the extent expressly admitted.

On March 10, 2020, the Court held an initial pre-trial conference, at which Mr. Hall and the United States appeared and were heard.  At the pre-trial conference, the Court set a discovery deadline of May 11, 2020 and a dispositive motion deadline of June 11, 2020.  These dates were confirmed in a scheduling order entered by the Court on April 21, 2020.  On June 11, 2020, the United States filed this Motion to Dismiss.  Mot., ECF. No. 14.  On August 5, 2020, Mr. Hall filed opposition to the Motion to Dismiss.  Opp., ECF No. 20.  On August 7, 2020, the United States filed a reply in further support of its Motion to Dismiss.  Reply, ECF No. 22.  And on August 30, 2020, Mr. Hall filed a Sur-Reply Affidavit in further opposition to the Motion to Dismiss.  Sur-Reply Aff., ECF No. 24.

On October 28, 2020, the Court held a continued pre-trial conference and heard initial arguments from the parties on the Motion to Dismiss.  In addition, the Court granted the request of the United States to respond to Mr. Hall's Sur-Reply Affidavit, and also directed the United States to file a letter stating whether it consents to the entry of a final order or judgment by this Court.  On October 29, 2020, the United States filed a response to Mr. Hall's Sur-Reply Affidavit.  Resp. to Sur-Reply, ECF No. 29.  And on November 4, 2020, in response to the

Court's request, the United States filed a letter stating that "it does not consent to the Court's entry of [final] orders or judgments." Letter, ECF No. 30. On November 30, 2020, the United States filed a supplemental brief addressing consent to the entry of final orders or judgment. Supp. Br., ECF No. 31.

On February 16, 2021, the Court held a continued pre-trial conference and hearing on the Motion to Dismiss, at which the United States appeared and was heard, and Mr. Hall did not appear. On that same day, Mr. Hall filed a "Motion for Creation of Remedy for Relief of Assets Seized and to be Seized" and a "Motion to Amend Caption to Include the Plaintiff's Middle Name from Anthony W. Hall to Anthony Winston Hall." Mot. for Creation of Remedy, ECF No. 37, Mot. to Amend Caption, ECF No. 38. On February 18, 2021, the Court entered an Order Scheduling Hearings on the Motion for Creation of Remedy and Motion to Amend Caption for March 16, 2021. And on March 2, 2021, Mr. Hall filed an amended Motion to Amend Caption. Amended Mot. Amend Caption, ECF No. 41. On March 4, 2021, the United States filed opposition to both the Motion to Amend Caption and the Motion for Creation of Remedy. Opp. Mot. Amend Caption, ECF No. 42, Opp. Mot. Creation Remedy, ECF No. 43.

On March 16, 2021, the Court held a continued pre-trial conference and hearing on the Motion to Dismiss, as well as hearings on Mr. Hall's Motion for Creation of Remedy and Motion to Amend Caption as amended, at which Mr. Hall and the United States appeared and were heard.

On March 18, 2021, the Court entered an order denying Mr. Hall's Motion for Creation of Remedy on grounds, among others, that it appears to duplicate relief that is sought in this adversary proceeding, and otherwise does not establish a basis for the relief that it seeks. Order, ECF No. 44. The Court also found that the Motion for Creation of Remedy should be construed

as further opposition to the United States' Motion to Dismiss.

And on that same day, the Court entered an order granting in part Mr. Hall's Motion to Amend Caption as amended, to the extent that "Anthony Winston Hall" will be added to the caption of this adversary proceeding as an A/K/A for Mr. Hall, and denying all other relief requested in the Motion to Amend Caption. Order, ECF No. 45.

*The United States' Motion to Dismiss*

The United States moves to dismiss this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012(b). It also seeks dismissal on grounds that this action is barred by sovereign immunity. Mot. at 1.

The United States first argues that the IRS not the proper defendant here. Citing the Supreme Court's decision in *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952), it argues that this action should be deemed a suit against the United States. Mot. at 8. For this reason alone, the United States argues, Mr. Hall does not state a claim upon which relief can be granted. *Id.*

Next, the United States contends that Mr. Hall's adversary complaint essentially asserts a wrongful levy claim and argues that under IRC Section 7426, Mr. Hall is not the proper party to bring such a claim. It argues that, under IRC Section 7426(a)(1), only third parties that have an interest in a levied property, not taxpayers, have standing to challenge a wrongful levy. Mot. At 8-9. For these reasons as well, the United States argues, dismissal is warranted because Mr. Hall does not state a claim upon which relief can be granted.

And finally, the United States urges that, in view of Mr. Hall's status as a Chapter 7 debtor, any cause of action that he might have belongs to his bankruptcy estate, not to him. Mot. at 9. And this too, it argues, means that his claims must be dismissed.

In addition, the United States argues that Mr. Hall did not exhaust his administrative

remedies under IRC Section 7429 before bringing this action – and therefore, the Court does not have subject matter jurisdiction over his Section 7429 wrongful levy claim. Mot. at 9-10.

Alternatively, the United States argues that if the Court considers this to be an action seeking review of a jeopardy levy, instead of a wrongful levy claim, then dismissal is warranted for substantially the same reasons, because Mr. Hall did not exhaust his administrative remedies before filing the Complaint. And the IRS notes that, as the Second Circuit found in *Wapnick v. United States*, 112 F.3d 74, 74 (2d Cir. 1997), Section 7429(b) allows the district court to review an IRS jeopardy assessment or levy only after the taxpayer has sought administrative review – and here, that did not occur. Mot. at 10.

Finally, the United States argues that Mr. Hall may not seek declarative relief in this action because, under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421, this Court lacks subject matter jurisdiction to consider such a claim for relief. Mot. at 11. And here again, any cause of action would belong to Mr. Hall's bankruptcy estate, not to him. *Id*.

*<u>Mr. Hall's Opposition to the Motion to Dismiss</u>*

Mr. Hall responds that the United States' arguments and assertions in support of its Motion to Dismiss "fail as a matter of law." Opp., ECF No. 20 ¶ 6. He acknowledges that IRC Section 7429(a) "does require a plaintiff to exhaust available administrative remedies before seeking redress in the courts." *Id.* And he states that "to bring an administrative claim one must provide the agency with 'written notification of [the] incident, accompanied by a claim for money damages in a sum certain.'" Opp. ¶ 7 (quoting 28 C.F.R. § 14.2(a)). He also observes that this "sum certain requirement" is "liberally construed in this Circuit. Opp. ¶ 9. And he points to several decisions where a plaintiff's notice was found to be adequate to meet this

requirement.

As to the decisions entered in the District Court Action, Mr. Hall responds that the United States "conceded that the IRS received notice of [his] claim as required under the [Federal Tort Claims Act (the "FTCA")]," and therefore, that he satisfied the requirement to exhaust his administrative remedies before bringing suit. Opp. ¶ 14. He also states that the District Court's rulings do not contain language indicating he did not satisfy this requirement. Instead, Judge Brodie's decision notes that "Plaintiff does not respond to this argument," and Judge Orenstein's decision states that the complaint and amended complaint in the District Court "'included no allegations that Hall had exhausted his administrative remedies.'" Opp. ¶¶ 14-15.

Mr. Hall also responds that under the FTCA, a party exhausts its administrative remedy by "first presenting the claim to the appropriate Federal agency and his shall have been finally denied by the agency in writing and sent by certified or registered mail." Opp. ¶ 16. He argues that the United States' "contention on this matter is misleading and misguided," and that it has "conceded that all of this has been done." *Id*. As a consequence, he concludes, he has met the requirement to "exhaust[] his administrative remedies as required under 28 U.S.C. § 2675(a)." Opp. ¶ 17.

Mr. Hall disputes that "the IRS is not a proper party defendant to be sued," and points to the FTCA as the "statutory scheme whereby citizens could seek to hold the United States responsible in tort or for property damage." Opp. ¶¶ 18-19. He also notes this waiver of sovereign immunity is "subject to many exceptions," including for intentional torts as set forth in 28 U.S.C. § 2680. Opp. ¶ 21. He asserts that the IRS and its officers do not fall within any of these delineated exceptions, so that "the IRS and its agents are not exempt from suit as alleged by [the United States]." Opp. ¶ 23.

And Mr. Hall responds that 28 U.S.C. § 1346(a)(1) permits a person from whom taxes are "erroneously or illegally collected to sue for a refund of those taxes." Opp. ¶ 26. He asserts that under IRC Section 6402(a), "the Secretary is authorized to issue a refund" to a taxpayer who has made an overpayment. *Id.* He also argues that the United States has "conceded that the Government has levied on [his] property and has erroneously or illegally collected funds from [him]." *Id.* Therefore, Mr. Hall argues that he may bring suit against the IRS under IRC Section 7426(a)(1), Judiciary Code Section 1346(a)(1), and IRC Section 6402(a). And he argues that he is a proper party to bring a suit under IRC Section 6511.

Finally, Mr. Hall responds that in dismissing the District Court Action, "the District Court did not determine or rule that [he] did not have a valid cause of action." Opp. ¶ 31. Instead, he states:

> In . . . the District Court's Order, the Court "merely determined that the tenet which presupposes that "the court must take the plaintiff's factual allegations as true" did not apply, to legal conclusions or "formulaic recitation of the elements of a cause of action in the Hall Complaint"; as such the District Court properly set aside those allegations. (*see Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

Opp. ¶ 32. And he argues that courts have held that factual allegations may require "further factual enhancement" in order to state a claim. Opp. ¶ 33. Mr. Hall asserts that the Complaint here provides just such "factual enhancement," so that it states a claim upon which relief may be granted. Opp. ¶ 34.

*The United States' Reply in Support of the Motion to Dismiss*

The United States replies that, under Bankruptcy Code Section 541, Mr. Hall does not have standing to assert claims on behalf of the bankruptcy estate. Reply, ECF No. 22 at 1. It also notes that his opposition is untimely, and under Local Bankruptcy Rule 9006-1, "the Court should not consider the opposition in determining whether [to] grant the United States' motion to

dismiss." Reply at 2.

In addition, the United States replies that Mr. Hall does not "meaningfully rebut any of the United States' arguments in its motion to dismiss." Reply at 2. It points out that Mr. Hall's Complaint "does not assert a claim under the FTCA or allege that a timely administrative claim was filed." *Id*. And it notes that Mr. Hall's claims "arise from the assessment and collection of tax and therefore fall within the express exception to the FTCA waiver of sovereign immunity." *Id*. More generally, the United States argues, "[h]ere, the Complaint does not assert any tort claims; even if the plaintiff had asserted a tort claim in the Complaint, the [Judiciary Code Section] 2680(c) exception would apply to negate any potential waiver of sovereign immunity under the FTCA." Reply at 3.

And the United States replies that Mr. Hall incorrectly asserts that counsel for the government conceded that the IRS received notice of Mr. Hall's claim, and somehow acknowledged that he satisfied his obligation to exhaust his administrative remedies before proceeding here. *Id*. Instead, it argues:

> The United States argues in its motion to dismiss that – if this Court considers this adversary proceeding as a review of a jeopardy levy under 26 U.S.C. § 7429, rather than a wrongful levy claim under 26 U.S.C. § 7426 – the matter should be dismissed for lack of jurisdiction based on Mr. Hall's failure to exhaust his administrative remedies pursuant to 26 U.S.C. § 7429(a) before filing the Complaint.

Reply at 3.

Finally, the United States replies that Mr. Hall cannot establish jurisdiction in this Court under Judiciary Code Section 1346(a)(1). Reply at 4. It observes that there is a statutory mechanism allowing for refund suits by taxpayers under IRC Sections 7422(a) and 6511(a), together with Judiciary Code Section 1346(a)(1), and that Mr. Hall has not followed that path. Reply at 4-5. And the United States points to the Supreme Court's decision in *United States v.*

*Dalm*, 494 U.S. 596 (1990), where the Court stated:

> [T]he import of [Sections 1346, 7422, and 6511] is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been "erroneously," "illegally," or "wrongfully collected," may not be maintained in any court.

*United States v. Dalm*, 494 U.S. at 602. And separately, the United States argues, Mr. Hall is not "able to assert a viable claim for refund because he has not full[y] paid the tax." Reply at 5.

*Mr. Hall's Sur-Reply Affidavit*

In his Sur-Reply Affidavit, Mr. Hall addresses several matters set forth in the United States' Reply that, he states, are not addressed in his opposition brief.

As to the timeliness of his opposition brief, Mr. Hall argues, in substance, that based on the requirements of Federal Rule of Civil Procedure 56, his filing was not untimely and, in all events, the United States "has failed to allege any prejudice they suffered by the Plaintiff's filing." Sur-Reply Aff., ECF No. 24 ¶ 6.

In response to the United States' arguments addressing the FTCA and the waiver of sovereign immunity, Mr. Hall states that the United States has "conceded that [his] claims fall[] under the [FTCA]." Sur-Reply Aff. ¶ 8. He also argues that "the court may look beyond the pleadings" to determine whether subject matter jurisdiction is present. Sur-Reply Aff. ¶ 9.

And he disputes that the United States cannot be sued for the matters alleged in the Complaint under Judiciary Code 2680(c) on grounds, in substance that "[t]he IRS's frivolous filing sting operation is not an aspect of its tax assessment or collection process and the Courts of Appeals have determined that it violates the FTCA, as such the IRS is not immune from liability under 28 U.S.C. [§] 2680(c)." Sur-Reply Aff. ¶ 13.

And finally, Mr. Hall argues that his asserted failure to exhaust his administrative remedies does not have any bearing on whether this Court has jurisdiction, and should not be a

bar to his pursuing his claims here. He characterizes the United States' positions as "different and conflicting," and concludes that the United States "has conceded that the administrative review process is no longer available to [him] and as such, there are no significant agency or judicial interest militating in favor of delay." Sur-Reply Aff. ¶¶ 22, 25.

*The United States' Response to Mr. Hall's Sur-Reply*

In response to Mr. Hall's Sur-Reply Affidavit, the United States addresses several points advanced by Mr. Hall.

The United States reiterates that Mr. Hall's Opposition – and now his Sur-Reply – are untimely and as to the Sur-Reply Affidavit, not authorized by this Court. The United States also argues that "the arguments made in Plaintiff's sur-reply lack merit and fail to overcome the United States' motion to dismiss." Resp. to Sur-Reply, ECF No. 29 at 2.

The United States also argues that sovereign immunity has not been waived, and that Mr. Hall "neither asserts a tort claim under the FTCA nor alleges that [he] timely filed a predicate administrative claim with the IRS. . . . Instead, the complaint challenges the IRS's jeopardy levy activity." *Id*. And such a claim, it argues, is barred by Judiciary Code Section 2680(c), "which excludes from the FTCA's waiver of sovereign immunity any claim 'arising in respect of the assessment or collection of any tax[.]'" Resp. to Sur-Reply at 2 (quoting 28 U.S.C. § 2680(c)).

The United States also argues that Mr. Hall's reliance on the cases cited in his Sur-Reply is misplaced. In *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1155 (9th Cir. 2017), it argues, the court addressed an "elaborate criminal sting operation" while here, the Complaint disputes the IRS's efforts to collect taxes attempts to assert either a wrongful levy claim under IRC Section 7426 or a jeopardy levy review claim under IRC Section 7429. Resp. to Sur-Reply at 3. So "even if the complaint alleged tort claims under the FTCA, such claims

would be barred by the sovereign immunity of the United States." Resp. to Sur-Reply at 4.

And the United States argues that Mr. Hall's reliance on *Abraitis v. United States*, 709 F.3d 641 (6th Cir. 2014), is similarly misplaced. That decision, it states, is not controlling here because the Second Circuit has held that the exhaustion requirement under IRC Section 7429 is jurisdictional. Resp. to Sur-Reply at 4 (citing *Wapnick*, 112 F.3d at 74-75). The United States also notes that *Abraitis* supports a dismissal here because the exhaustion requirement "remains mandatory, inasmuch as the availability of judicial review hinges on either exhaustion or a timely request for administrative review." Resp. to Sur-Reply at 5.

Finally, the United States argues that if the Court construes Mr. Hall's Complaint as attempting to state a claim under IRC Section 7429, that claim is barred by the doctrine of collateral estoppel. *Id*. It argues that the requirements of collateral estoppel are met because Mr. Hall's suit "was twice dismissed [in the District Court] for lack of subject matter jurisdiction to the extent it purported to bring a claim for a jeopardy levy review under 26 U.S.C. § 7429." Resp. to Sur-Reply at 6. The United States asserts that "while a dismissal for lack of subject matter jurisdiction is not considered an adjudication on the merits of the underlying claim . . . courts have held that such a dismissal retains preclusive effect for collateral estoppel purposes with respect to the specific jurisdictional issue decided." Resp. to Sur-Reply at 7-8.

*Mr. Hall's Additional Opposition to the Motion to Dismiss in the Motion for Creation of Remedy*

As described above, on February 16, 2021, Mr. Hall filed a Motion for Creation of Remedy. On March 16, 2021, the Court held a hearing on that motion, at which Mr. Hall and the United States appeared and were heard, and on March 18, 2021, the Court entered an order denying the motion on grounds, among others, that it appears to duplicate relief that is sought in this adversary proceeding, and otherwise does not establish a basis for the relief that it seeks. In

that context, the Court also found that the Motion for Creation of Remedy should be construed as further opposition to the Motion to Dismiss.

In the Motion for Creation of Remedy, Mr. Hall argues, in substance, that the United States has wrongfully taken his property and will continue to do so, unless this Court intervenes. He states that "he has verifiable losses of 3 homes, [and] two more currently at the risk of loss." Mot. Creation Remedy at 1. He argues that it is the United States that is the true debtor, while he is the true creditor, and asserts that the property that has been levied here is "a fraction of what he is owed as one of the American people." *Id*. He states that these unlawful takings have "caused untold suffering, [and] traumatic injury to the family of the plaintiff." *Id*. He also argues that "because there is a trustee assigned to this bankruptcy action then there are trust relations in effect." Mot. Creation Remedy at 1-2.

As for relief, Mr. Hall requests that this Court "create a remedy for relief of the assets seized and to be seized, all assets held in trust and any other assets that the plaintiff is entitled to have taken in and liquidated upon execution of the trust instrument in his name." Mot. Creation Remedy at 2. He also requests that the Court "declare the rights, duties and any other relief that this court deems just for this cause to avoid further injury to the plaintiff." *Id*. And he states that "[t]his court shall show cause in plain English why he is not entitled to relief by means of creation of remedy or be it resolved that he is entitled to immediate relief." *Id*.

## **The Applicable Legal Standards**

### *The Pleading Requirements of Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal of a claim at the pleading stage if it does not state a claim upon which relief may be granted, and Bankruptcy Rule 7012 makes this rule applicable in adversary proceedings. As the Supreme Court has held,

for a complaint to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007). The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

It is well established in the Second Circuit that where a pro se litigant is the plaintiff, courts should "liberally construe [such] complaints . . . to state the strongest arguments that they suggest." *Frederick v. Wells Fargo Home Mortg.*, 649 F. App'x 29, 30 (2d Cir. 2016) (citing *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006)). Although the complaint "must plead enough facts to state a claim that is plausible . . . a complaint filed pro se is held to a less stringent pleading standard than one filed by counsel." *Frederick,* 649 F. App'x at 30 (citing *Ahlers v. Rabinowitz,* 684 F.3d 53, 60 (2d Cir. 2012)).

When considering a motion to dismiss under Rule 12(b)(6), the court should "'accept[] all factual allegations as true, and draw [] all reasonable inferences in the plaintiff's favor.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (alteration in original) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)). *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993) (accepting as true the complaint's factual allegations and drawing inferences in the pleader's favor). But a court is not required to accept as true those allegations that amount to no more than legal conclusions. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009); *Twombly*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, a court may look to the facts alleged in the complaint, and also to those "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). *See Gillingham v. Geico*

*Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (quoting *Hayden v. Cty. of Nassau,* 180 F.3d 42, 54 (2d Cir. 1999)) (stating that when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may look to the complaint, its exhibits, and documents incorporated by reference).

*The Pleading Requirements of Federal Rule of Civil Procedure 12(b)(1)*

Courts in this circuit have stated that "[a] case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *White v. First Franklin Fin. Corp.*, 2019 WL 1492294, at *3 (E.D.N.Y. Apr. 4, 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

As one court has noted:

> The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."

*Harriott v. Nationstar Mortg. LLC*, 2018 WL 4853045, at *5 (E.D.N.Y. Sept. 28, 2018) (alteration in original) (quoting *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010)).

As another court has observed, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon N.A.*, 2015 WL 4104839, at *1 (E.D.N.Y. July 8, 2015) (citing *Morrison*, 547 F.3d at 170).

And "dismissal is mandatory" where a court finds that it does not have subject matter jurisdiction to adjudicate a dispute. *CIT Bank, N.A. v. Jach*, 2019 WL 1383850, at *3 (E.D.N.Y.

Mar. 27, 2019). Indeed, a motion may not even be necessary where subject matter jurisdiction is lacking. As Rule 12(h)(3) states, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

*The IRS as a Suable Entity*

Not every federal agency or entity may be named as a defendant in a federal lawsuit. Generally, the doctrine of sovereign immunity bars suits against a federal agency *eo nomine*. As the Supreme Court has observed, "[w]hen Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." *Blackmar*, 342 U.S. at 515. *See Hartke v. Fed. Aviation Admin.*, 369 F. Supp. 741, 743 (E.D.N.Y. 1973) (stating that "absent explicit language or a necessary implication authorizing suit, a federal agency may not be sued in its own name. This rule has been consistently followed in the federal courts.").

Consistent with this rule, where a plaintiff – including a taxpayer – seeks to assert a claim concerning its tax liability, it is the United States, rather than its agency the IRS that may be sued. As one court observed, "[n]o suit may proceed against the IRS either for a refund of tax allegedly improperly collected or for monetary or injunctive relief because Congress has not authorized suit against the agency in its own name." *Greene v. IRS*, 2008 WL 5378120, at *7 (N.D.N.Y. Dec. 23, 2008).

*Civil Actions Against the IRS by Persons Other than Taxpayers Under IRC Section 7426*

Congress has provided a pathway for persons other than taxpayers to bring a claim against the IRS when their property is wrongfully claimed or impaired to collect a tax owed by another. Under IRC Section 7426**:**

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which

> such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

26 U.S.C. § 7426(a)(1).

But just as Congress has provided this pathway for non-taxpayers, courts have held that "[t]axpayers lack standing to bring a wrongful levy action under 26 U.S.C. § 7426." *Chariot Plastics, Inc. v. United States,* 28 F. Supp. 2d 874, 882 (S.D.N.Y. 1998). That is, the statute is clear, and courts recognize, that a private right of action exists only for third parties that have an interest in the levied property, not for the taxpayer. *See Ulloa v. United States*, 2007 WL 2764792, at *5 (N.D.N.Y. Sept. 20, 2007) (finding that plaintiff's amended complaint failed to state a wrongful levy claim upon which relief can be granted because the plaintiff was the person against whom the tax was assessed out of which the levy arose.)

*Review of a Jeopardy Levy or Assessment Procedures Under IRC Section 7429*

Generally, the IRS may not collect a tax by levy unless the taxpayer has been given notice in writing of their right to a hearing before the levy is made. 26 U.S.C. § 6330(a). This notice must be given at least 30 days before the levy occurs. 26 U.S.C. § 6331(d)(2). At the same time, and under the appropriate circumstances, the IRS may proceed much more expeditiously. Specifically, the IRC provides that the requirement of notice and a 30-day waiting period "shall not apply to a levy if the Secretary [of Treasury] has made a finding . . . that the collection of tax is in jeopardy." 26 U.S.C. § 6331(d)(3).

But a taxpayer is entitled to prompt notice that a jeopardy levy has issued. Within five days after the IRS has made a jeopardy levy, "the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relied in making such assessment or levy." 26 U.S.C. § 7429(a)(1)(B). Under IRC Section 7429, taxpayers may challenge a

jeopardy levy made by the IRS through an administrative review. 26 U.S.C. § 7429. To do so, the taxpayer must request the Secretary of the Treasury to review the action taken within thirty days after the date on which the IRS provided the taxpayer with the written statement, or within thirty days after the date of the last period within which such statement is required to be furnished. 26 U.S.C. § 7429(a)(2).

This administrative review is a necessary prerequisite to review in the federal courts. As the Second Circuit has held, "Section 7429(b) allows the district court to review an IRS jeopardy assessment only after the taxpayer has filed a request for administrative review." *Wapnick*, 112 F.3d at 74. *See Zuckman v. Dep't of Treasury*, 448 F. App'x 160, 161 (2d Cir. 2012) (observing that "[t]o the extent that Zuckman challenges the levy on his wages, there is no indication that he exhausted his administrative remedies. Thus, the district court properly dismissed those claims for lack of subject matter jurisdiction.")

*Recovery of Civil Damages for Unlawful Tax Collection Under IRC Section 7433*

Under IRC Section 7433, Congress has provided a channel for aggrieved taxpayers to recover for civil damages against the IRS for unlawful tax collection activity. 26 U.S.C. § 7433. Other than an action under IRC Section 7432,[3] an action under IRC Section 7433 is the exclusive remedy for recovering damages for unlawful tax collection activity. 26 U.S.C. § 7433(a). To recover under this Section, the taxpayer must show that they have exhausted their administrative remedies before proceeding in court. 26 U.S.C. § 7433(d)(1). And the taxpayer must initiate the action for civil damages within two years after their claim accrues. 26 U.S.C. § 7433(d)(3).

[3] IRC Section 7432 concerns an action for the failure, knowingly or negligently, to release a lien under IRC Section 6325 on the property of a taxpayer. 26 U.S.C. § 7432.

Courts within the Second Circuit have recognized that if the taxpayer does not exhaust these administrative remedies before proceeding with a claim in court, then the court lacks subject jurisdiction over the action. *See, e.g.*, *Dourlain v. United States*, 2005 WL 3021858, at *3 (S.D.N.Y. Sept. 19, 2005) (finding that the court lacked subject matter jurisdiction to hear the plaintiff's claims because the plaintiff did not allege that he filed a claim for a refund or damages with the Internal Revenue Service).

*The Anti-Injunction Act*

The Anti-Injunction Act bars suits for the purpose of restraining the assessment or collection of Federal taxes. 26 U.S.C. § 7421(a). As the Supreme Court has observed, "the principal purpose of this language [is] the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).

*The Declaratory Judgment Act*

The Declaratory Judgment Act addresses the availability of declaratory relief in federal courts. It bars declaratory relief against the United States "with respect to Federal taxes." 28 U.S.C. § 2201(a). And as the Supreme Court has recognized, this exception for determinations with respect to federal taxes "is at least as broad as the Anti-Injunction Act." *Bob Jones Univ.*, 416 U.S. at 750 n.7.

*The Federal Tort Claims Act*

The Federal Tort Claims Act, codified in Judiciary Code Sections 1346(b), 1402(b), 2401(b), and 2671 to 2680, sets forth a statutory framework that provides for a "limited waiver

of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). That is, the United States can only be sued under the FTCA to the extent that it has waived its immunity. *Orleans*, 425 U.S. at 814.

The FTCA also sets forth certain requirements and prerequisites to bringing a tort claim against the United States, including a requirement of notice. Specifically, a claim under the FTCA may be pursued only if it is "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

In addition, there are exceptions to this waiver of sovereign immunity, as set forth in Judiciary Code Section 2680, that specifically address claims relating to taxes. As one court has observed, Judiciary Code Section 2680(c) "clearly states that 'Congress retained the United States sovereign immunity for any claim in respect of the assessment of collection of taxes. This language is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties.'" *Van Sant v. United States*, 1996 WL 627438, at *2 (D.D.C. Aug. 7, 1996) (quoting *Childress v. Northrop Corp.*, 618 F. Supp. 44, 49 (D.D.C. 1985)).

*Collateral Estoppel*

As this Court and others have observed, "[c]ollateral estoppel 'bars repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *Guggenheim Capital, LLC v. Birnbaum* (*In re Birnbaum*), 513 B.R. 788, 799 (Bankr. E.D.N.Y. 2014) (quoting *NML Capital, Ltd. v. Banco Central de la Republica Argentina,* 652 F.3d 172, 184 (2d Cir. 2011), *cert. denied*, 567 U.S. 944 (2012)). Simply put,

collateral estoppel may be invoked to preclude relitigation of the same issue in a later proceeding.

As this Court has also noted, "[c]ourts recognize that the application of the collateral estoppel doctrine differs based on the forum in which the first judgment was entered." *In re Birnbaum*, 513 B.R. at 800. And where, as here, the issues as to which preclusion is sought were decided by a federal court, federal law provides the standards to be applied.

Several requirements must be met in order for a prior federal judgment to have preclusive effect in a later proceeding. These are:

> "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."

*Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Purdy v. Zeldes*, 337 F.3d 253, 258 n.5 (2d Cir. 2003)).

Courts within the Second Circuit have "consistently held that failing to meet a statutory precondition to suit precludes adjudication on the merits and warrants dismissal without prejudice." *Senisi v. John Wiley & Sons, Inc.*, 2016 WL 1045560, at *3 (S.D.N.Y. March 15, 2016). As one court explained, "because the resulting judgment of dismissal is not a determination of the claim, but rather a refusal to hear it, a plaintiff should thereafter have the opportunity to pursue it . . . when the preconditions have been met." *Leviton Mfg. Co. v. Reeve*, 942 F. Supp. 2d 244, 273 (E.D.N.Y. 2013).

To the same effect, a dismissal that is grounded in a lack of jurisdiction is not an adjudication on the merits of the claim. At the same time, to the extent that a court must make findings to assess whether a dismissal is warranted, and those findings satisfy the elements of collateral estoppel, issue preclusion may be appropriate. As the Second Circuit has noted, "such

a dismissal precludes re-litigation of the issues it decided." *Stengel v. Black*, 486 F. App'x 181, 183 (2d Cir. 2012).

**Discussion**

By this Motion, the United States, proceeding here on behalf of the IRS, asks this Court to enter judgment dismissing the claims asserted by Mr. Hall in the Complaint. It points to four grounds that, it asserts, entitle it to that relief – first, the IRS is not a proper defendant; second, Mr. Hall is not the proper party to bring a wrongful levy claim; third, Mr. Hall has not exhausted his administrative remedies under IRC Section 7429; and fourth, Mr. Hall may not seek declarative relief in this action. Mot. at 8-11.

In his Complaint, Mr. Hall asserts two claims for relief. In Count One, he asserts that the IRS does not have a valid lien under IRC Section 6321. Compl. ¶ 22. He argues that his tax assessment did not show that he owed any taxes to the IRS, but rather, that he was actually owed a refund after the assessment. Compl. ¶ 23. He seeks the entry of a judgment against the IRS, finding that the IRS does not have a valid lien attached to him, his property, or the property of the bankruptcy estate. Compl. p. 5 ¶ A.

In Count Two, he asserts that civil penalties are not tax payments under IRC Section 6303. Compl. ¶ 27. Mr. Hall also asserts that since he was issued a refund after the assessment of his taxes, there is a presumption of correctness to the assessment and that he was entitled to a refund. Compl. ¶ 28. He seeks the entry of a judgment against the IRS declaring that civil penalties do not constitute tax payments arising from an assessment of income tax liability under IRC Section 6303. Compl. p. 5 ¶ B. Mr. Hall also seeks the entry of judgment against the IRS for "actual damages;" "statutory damages;" "punitive damages;" "treble damages;" and "costs, interest, and attorney fees." Compl. pp. 5-6, ¶¶ (a)-(e). And finally, he seeks "an injunction

against similar future conduct; and . . . any other relief that the Court finds just." Compl. p. 6, ¶¶ (f)-(g). ¶. *Id.*

The Court first considers whether the United States has shown that Mr. Hall does not state a plausible claim for relief on each of these counts. The Court next considers whether it has shown that this Court lacks subject matter jurisdiction to consider each claim.

*Whether Mr. Hall States a Plausible Wrongful Levy Claim*

Mr. Hall seeks a determination of the validity, priority, and extent of any liens held by the United States as well as a declaratory judgment that it does not have a valid lien or levy against him, his property, or the property of the bankruptcy estate. Compl. ¶ 1. He argues that his tax assessment did not indicate he owed the IRS anything; and therefore, its lien is invalid under IRC Section 6321. Compl. ¶¶ 22, 23. In addition, he contends that his tax assessment, showing that he was entitled to a refund, is entitled to a presumption of correctness. Compl. ¶ 28.

The United States responds that this adversary proceeding is, in substance, a wrongful levy action under IRC Section 7426 or a jeopardy levy review under IRC Section 7429. Answer at 1. In this Motion to Dismiss, the United States argues that Mr. Hall does not state a plausible claim for relief, because the IRS is not a proper defendant, and separately, because Mr. Hall is not a proper party to bring a wrongful levy claim. Mot. at 8-9.

Whether the IRS is a proper defendant here. The United States argues that the IRS is not a suable entity, and therefore it is not the proper defendant to be named as a defendant in this action.

Courts agree that the IRS may not be sued *eo nominee*, or in its own name, because Congress has not authorized suit against the agency in this way. As the Supreme Court has observed, "[w]hen Congress authorizes one of its agencies to be sued *eo nominee*, it does so in

explicit language, or impliedly because the agency is the offspring of such a suable entity." *Blackmar*, 342 U.S. at 515. *See Greene*, 2008 WL 5378120, at *3-4 (finding that the IRS is not liable to be sued, and that the proper party to an action is the United States).

And separately, it has long been recognized that an action against the IRS cannot be maintained, and "this action should be deemed a suit against the United States, alone." Mot. at 8. Courts in the Second Circuit have held that "[u]nless Congress has specifically authorized an agency of the federal government, such as the IRS, to be sued in its own name, an action may not be maintained against that agency." *Celauro v. United States*, 411 F. Supp. 2d 257, 267 (E.D.N.Y. 2006) (citing *Blackmar*, U.S. at 515) (granting the IRS's motion to dismiss on the grounds that it was improper for the plaintiff to name the IRS as a defendant). Instead, courts generally consider a suit against the IRS as a suit against the United States. *Dubay v. IRS*, 1997 WL 76577, at *2 (D. Conn. Feb. 7, 1997) (holding that, in light of the plaintiff's pro se status, the naming of IRS as a defendant was not grounds for dismissal and a determination of whether the United States could be sued should be made).

Accordingly, the United States has shown that the IRS is not a proper defendant here, and relief may not be sought against it *eo nomine*, or in its own name. Due to Mr. Hall's pro se status, the Court will not dismiss his suit on this ground but will consider the action to be against the United States.

Whether Mr. Hall is the proper party to bring a wrongful levy action. The United States argues that, in substance, Mr. Hall seeks to assert a wrongful levy action, and that he lacks standing to do so under IRC Section 7426 because he is not the proper party to bring such an action.

Mr. Hall responds that IRC Section 7426 is applicable only where the government has

not levied on the property of the taxpayer. He also argues that he is the proper party to bring a suit under IRC Section 6511 as well as Judiciary Code Section 1346.

Under IRC Section 7426, a wrongful levy claim may be asserted by a person that owns or has an interest in the property that is the subject of the levy – except the person against whom the tax has been assessed. It states:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

26 U.S.C. § 7426(a)(1).

Courts have consistently held that taxpayers lack standing to bring a wrongful levy action, and only third parties with an interest in a levied property have this private right of action. *See, e.g., Chariot Plastics, Inc.*, 28 F. Supp. 2d at 882 (observing that "[w]hether plaintiffs lack standing to maintain the wrongful levy action hinges on whether they are taxpayers liable for the deficiencies assessed" and concluding that "[t]axpayers lack standing to bring a wrongful levy action"); *Mottahedeh v. United States*, 33 F. Supp. 3d 210, 212 (E.D.N.Y. 2014) (observing that a wrongful levy suit under IRC Section 7426 is "brought . . . by someone other than the taxpayer.")

Here, Mr. Hall is the taxpayer against which the tax was assessed. He is not, as IRC Section 7426 requires, a third party with an interest in the levied property. And as a consequence, he does not have standing to challenge an assertedly wrongful levy in this action pursuant to IRC Section 7426.

Accordingly, the United States has shown that Mr. Hall, as the taxpayer, is not a proper party to assert a wrongful levy claim.

Whether the United States has waived sovereign immunity under the FTCA.  In Mr.

Hall's Opposition, he states that sovereign immunity has been waived by the United States under

the Federal Tort Claims Act.  Opp. ¶¶ 19, 20.  The United States argues in reply that as a

threshold matter, Mr. Hall's Complaint does not attempt to state a claim under the FTCA.  Reply

at 2.  In addition, the United States argues that Mr. Hall "does not . . . allege that a timely

administrative claim was filed as required by 28 U.S.C. §§ 2401(b) and 2675(a)."  *Id.*  And

finally, the United States points out that Mr. Hall's claims here "arise from the assessment and

collection of tax and therefore fall within the express exception to the FTCA waiver of sovereign

immunity."  *Id.*

The Federal Tort Claims Act is a "limited waiver of sovereign immunity, making the

Federal Government liable to the same extent as a private party for certain torts of federal

employees acting within the scope of their employment."  *Orleans*, 425 U.S. at 813.  *See* 28

U.S.C. § 1346(b) (providing that federal courts have exclusive jurisdiction of "claims against the

United States, for money damages, . . . for injury or loss of property or personal injury or death

caused by the negligence or wrongful act or omission of any employee of the government while

acting within the scope of his office or employment").  Here, as elsewhere, the United States can

only be sued to the extent that it has waived its immunity.  *Orleans*, 425 U.S. at 814.

But there are exceptions to the FTCA's waiver of sovereign immunity – including with

respect to claims relating to taxes.  28 U.S.C. § 2680.  "The language of Section 2680(c) clearly

states that 'Congress retained the United States sovereign immunity for any claim in respect of

the assessment of collection of taxes.  This language is broad enough to encompass any activities

of an IRS agent even remotely related to his or her official duties.'"  *Van Sant*, 1996 WL 627438,

at *2 (quoting *Childress*, 618 F. Supp. at 49).

At the outset, it is plain from the record that Mr. Hall does not attempt to state a claim for relief under the Federal Tort Claims Act in the Complaint.  Indeed, the FTCA does not appear to be referenced in any way in his Complaint.  Rather, Mr. Hall first refers to a claim under the FTCA in his opposition to the United States' motion to dismiss.  But his opposition is not part of the pleadings, and his arguments in opposition to this motion do not bring those assertions into the Complaint.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting a plaintiff's new claim because it was first raised in the plaintiff's opposition to the defendant's motion to dismiss).

At the same time, it is well established that when a plaintiff proceeds *pro se*, courts should "liberally construe [such] complaints . . . to state the strongest arguments that they suggest."  *Frederick*, 649 F. App'x at 30.  To the same effect, while complaints may not be amended through an opposition to a motion to dismiss, the opposition may be considered if, in substance, it raises additional claims that the original complaint could have been construed to allege.  *Vlad-Berindan v. MTA New York City Transit*, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (stating that "[i]n evaluating the legal sufficiency of a *pro se* plaintiff's claims, a court may rely on the plaintiff's opposition papers."  *See Crum v. Dodrill*, 562 F.Supp. 366, 373 n.13 (N.D.N.Y. 2008)).

And here, this Court has considered Mr. Hall's arguments in his opposition in this additional light.  But even viewed in the most favorable light, and construed liberally, Mr. Hall's efforts to assert a FTCA claim do not succeed, for at least two reasons.  First, Mr. Hall does not allege facts that show, or even suggest, that he took the necessary steps to file a timely administrative claim as required by Judiciary Code Sections 2401(b) and 2675(a).  And second, perhaps even more fundamentally, Mr. Hall cannot overcome the fact that, as a matter of law,

and as set forth in Judiciary Code Section 2680(c), the FTCA does not amount to a waiver of sovereign immunity for "'any claim in respect of the assessment of collection of taxes.'" *Van Sant*, 1996 WL 627438, at *2 (quoting *Childress*, 618 F. Supp. at 49).

Accordingly, the United States has shown that it has not waived sovereign immunity with respect to a claim under the Federal Tort Claims Act that Mr. Hall has brought or attempted to bring arising in connection with the assessment or collection of his taxes.

* * *

In sum, the United States has shown that the IRS is not a proper defendant here, and relief may not be sought against it *eo nomine*, or in its own name. It has also shown that Mr. Hall, as the taxpayer, is not a proper party to assert a wrongful levy claim. And finally, it has shown that it has not waived sovereign immunity with respect to a claim under the Federal Tort Claims Act that Mr. Hall has brought or attempted to bring arising in connection with the assessment or collection of his taxes.

For these reasons, and based on the entire record, the Court finds and concludes that the United States has shown that Mr. Hall has not stated a plausible claim for relief in his Complaint.

*Whether this Court Lacks Subject Matter Jurisdiction To Consider Mr. Hall's Claims*

The United States argues that this Court lacks subject matter jurisdiction to adjudicate the claims set forth in Mr. Hall's Complaint, for several reasons. Mot. at 9-12. It argues that if this Court decides this case as a review of a jeopardy levy, rather than a wrongful levy claim, the matter should be dismissed for lack of subject matter jurisdiction because Mr. Hall did not exhaust his administrative remedies before commencing this action. In addition, the United States contends that Mr. Hall may not seek declarative relief, and for this reason too, this Court lacks subject matter jurisdiction to proceed. And finally, the United States argues that the

doctrine of collateral estoppel bars Mr. Hall from relitigating the matters in his Complaint, because they were previously the subject of an action in the District Court.  The Court considers each of these arguments in turn.

Whether Mr. Hall exhausted his administrative remedies under IRC Sections 7429 and 7433.  The United States argues that Mr. Hall has failed to exhaust his administrative remedies as required by IRC Sections 7429 and 7433 in order to challenge the IRS's jeopardy levy, and therefore, this Court lacks subject matter jurisdiction over the Complaint.

It is well established that a taxpayer seeking to challenge a jeopardy levy must first exhaust the administrative remedies that are available under IRC Section 7429(a).  Only after that occurs, may the court review such levy activity.  *See* 26 U.S.C. § 7429(b).  Viewed another way, the failure to seek this administrative review, and to do so in a timely fashion, will lead to the dismissal "for lack of subject matter jurisdiction."  *Wapnick*, 112 F.3d at 75 (affirming the district court's dismissal of the plaintiff's claims for lack of subject matter jurisdiction where the plaintiff did not meet IRC Section 7429(b)'s jurisdictional requirements).  *See Zuckman*, 448 F. App'x at 161 (stating that "[t]o the extent that Zuckman challenges the levy on his wages, there is no indication that he exhausted his administrative remedies.  Thus, the district court properly dismissed those claims for lack of subject matter jurisdiction.").

Under IRC Section 7429(a), a taxpayer has thirty days to seek administrative review of an assessment or levy, and that time runs either from the date on which the IRS provided the taxpayer with the written statement of the information upon which it relied in making the assessment or levy, or from the last period within which the statement was required to be furnished.  26 U.S.C. § 7429(a)(2).  And IRC Section 7429(b) confers jurisdiction on the court after the taxpayer has filed a request for this administrative review under subsection (a)(2).  26

U.S.C. § 7429(B)(2)(a).

Here, the record shows that Mr. Hall did not exhaust his administrative remedies as required under IRC Section 7429.  After receiving written notice from the IRS explaining his administrative review options under IRC Section 7429, Mr. Hall corresponded with the IRS, but did not request a redetermination of whether the levy was reasonable under the circumstances.  Cassadine Decl. ¶¶ 9-10.  In the District Court Action, Judge Orenstein found that Mr. Hall had failed to plead facts indicating that he exhausted his administrative remedies.  Case No. 16-CV-2073, ECF. No. 21 at 3-4.  And finally, in his Complaint here, Mr. Hall does not allege that he took the necessary steps to exhaust his administrative remedies under IRC Section 7429.

Finally, with the exception of claims under IRC Section 7432, which is inapplicable here, IRC Section 7433 provides an exclusive remedy for an aggrieved taxpayer to recover money damages for the unlawful collection of federal taxes.  But here too, relief under this Section is available only to taxpayers who have exhausted their administrative remedies within the IRS.  26 U.S.C. § 7433(d)(1).  As courts within the Second Circuit have found, courts lack subject matter jurisdiction over such claims if these administrative remedies have not been exhausted.  *Dourlain*, 2005 WL 3021858, at *3.  And a claim for relief under this Section must be brought within two years after the claim accrues.  26 U.S.C. § 7433(d)(3).

Here, Mr. Hall does not allege, nor does the record show, that he exhausted his administrative remedies under IRC Section 7433(d)(1).  And at this time, some five years have passed since the levy activity of the IRS against Mr. Hall's property – so his opportunity to do so in a timely way has long passed.  Separately, under IRC Section 7433(d)(3), Mr. Hall can no longer maintain an action under this Section, which is his exclusive remedy for damages for unlawful tax collection, because it has been more than two years since his right of action

accrued.

Accordingly, the United States has shown that Mr. Hall did not exhaust his administrative remedies and is now time-barred from doing so. And as a consequence, this Court lacks subject matter jurisdiction over his claims.

Whether Mr. Hall may seek declarative relief in this action. The United States argues that Mr. Hall's requests for declaratory and injunctive relief are prohibited by the Declaratory Judgment Act and the Anti-Injunction Act. Mot. at 11. Mr. Hall does not specifically address this argument.

The Declaratory Judgment Act and the Anti-Injunction Act each bar relief with respect to the collection of Federal taxes. *See* 28 U.S.C. § 2201, 26 U.S.C. § 7421. These restrictions have their roots in significant public policy considerations, including "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones Univ.*, 416 U.S. at 726 (quoting *Enochs*, 370 U.S. at 7).

Here, Mr. Hall alleges that he seeks "a declaratory judgment that the Defendant does not have a valid lien or levy against [him], [his] property and/or the property of the estate." Compl. ¶ 1. He also seeks an "injunction against similar future conduct" against the IRS. Compl. ¶ 28. That is, it is plain from the terms of the Complaint that Mr. Hall seeks declarations with respect to the collection of and assessment of his Federal taxes, and an injunction restraining the assessment or collection of a tax against him. Even viewing these allegations and Mr. Hall's arguments in the most favorable light, and construing them liberally, they seek relief that is simply not permitted in these circumstances. As a consequence, these actions are barred by both

the Declaratory Judgment Act and the Anti-Injunction Act.

Accordingly, the United States has shown that Mr. Hall may not seek declarative relief in this action. And for these reasons as well, this Court lacks subject matter jurisdiction over his claims.

Whether Mr. Hall's Claims Are Barred by the Doctrine of Collateral Estoppel. The United States argues that Mr. Hall is collaterally estopped from re-litigating "any findings and rulings of the district court" in his action there, including with respect to federal subject matter jurisdiction, and for these reasons as well, his Complaint must be dismissed. Mot. at 6. And specifically, it argues that to the extent that Mr. Hall's Complaint states to challenge "the IRS levy activity that is the subject of [this] adversary proceeding" and to bring "a claim for a jeopardy levy review under [IRC Section] 7249," he is collaterally estopped from relitigating that claim, and the question of whether there is federal subject matter jurisdiction to consider it, here. Resp. to Sur-Reply at 5-6.

To establish the elements of federal collateral estoppel, the movant must establish four elements. These are first, that "'the identical issue was raised in a previous proceeding;'" second, that "'the issue was actually litigated and decided in the previous proceeding;'" third, that "'the party had a full and fair opportunity to litigate the issue;'" and finally, that "'the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Ball*, 451 F.3d at 69 (quoting *Purdy*, 337 F.3d at 258 n.5). *See In re Birnbaum*, 513 B.R. at 801 (quoting *Ball*). The Court considers these elements in turn.

Courts within the Second Circuit have "consistently held that failing to meet a statutory precondition to suit precludes adjudication on the merits and warrants dismissal without prejudice." *Senisi*, 2016 WL 1045560, at *3.

Whether the identical issues were raised in a previous proceeding. The United States argues that the issues raised by Mr. Hall here are the same as the issues that were raised in the District Court Action. It states, "[his] suit was twice dismissed for lack of subject matter jurisdiction to the extent it purported to bring a claim for a jeopardy levy review under 26 U.S.C. § 7429, and [Mr. Hall] is accordingly collaterally estopped from relitigating such claim here." Resp. to Sur-Reply at 6. And it states that Mr. Hall's complaints in the District Court Action were "substantively similar" to the Complaint here. *Id*.

Courts agree that "direct identity of issues" is not the standard for this element of the federal collateral estoppel test to be met. *Yash Raj Films (USA) v. Ahmed* (*In re Ahmed*), 359 B.R. 34, 40 (Bankr. E.D.N.Y. 2005) (citing *Montana v. United States*, 440 U.S. 147, 155 (1978)). Instead, "it is sufficient that 'the issues presented in [the earlier litigation] are *substantially the same* as those presented by [the later] action.'" *In re Birnbaum*, 513 B.R. at 801 (quoting *Cerny v. Rayburn*, 972 F. Supp. 2d 308, 316 (E.D.N.Y. 2013)).

Here, the record shows that in his initial complaint in the District Court, Mr. Hall sought injunctive and declaratory relief arising from his 2014 tax liability. He attempted to assert claims for unconstitutional theft of proprietary interest in his private property, wrongful and unreasonable imposition of a tax jeopardy levy, unlawful declaration of his 2014 Form 1040 federal income tax return as a frivolous return, unlawful declaration of his 2014 tax refund as frivolous, and intentional refusal to adhere to established principles of law governing the discharge of promissory notes and bonds held by a federally chartered depository institution. *See* Dist. Ct. Compl. ¶ 1.

In the District Court Amended Complaint, Mr. Hall again sought injunctive and declaratory relief arising from his 2014 tax liability. He attempted to assert claims under the

Fourteenth Amendment's Due Process Clause, as well as determinations that certain portions of the Internal Revenue Code amounted to impermissible Article III judicial review. He also sought an order quashing the assertedly unlawful institution of a jeopardy levy and a release of all holds, liens, and restraints on his bank accounts.

And here, Mr. Hall makes substantially the same allegations, and seeks substantially the same relief, again arising from his 2014 tax liability. He seeks a determination of the validity, priority, and extent of any liens held by the IRS, and a declaratory judgment that the IRS does not have a valid lien or levy against him, his property, or any property of his bankruptcy estate. He seeks several forms of relief, including a judgment that the IRS does not have a valid lien, a judgment that civil penalties are not tax payments arising from an assessment of income tax liability, and statutory, punitive, and treble damages, costs, interest and attorney fees and an injunction.

Further, in both the District Court Complaint and the District Court Amended Complaint, Mr. Hall sets forth a substantially identical narrative to that which he sets forth in the Complaint here. Each of these complaints shares substantially the same factual allegations, including allegations with respect to Mr. Hall's 2014 Form 1040 federal tax return and certain IRS activity regarding the collection, assessment, and levy of tax. These complaints also include some of the same attachments, including notices generated by JP Morgan Chase Bank informing Mr. Hall that IRS levies were placed on his accounts.

And here, the record also shows that the issues presented to the District Court in Mr. Hall's Complaint and Amended Complaint arise from the same facts and circumstances – that is, his 2014 tax return and the IRS's response to it, including the collection, assessment, and levy tax. The record also shows that his claims for relief in the District Court, and here, are

substantially the same. That is, there, the District Court found that Mr. Hall brings "alternatively a wrongful levy claim under 26 U.S.C. § 7426 or a jeopardy levy review claim under 26 U.S.C. § 7429, and determined that the claims should be dismissed for failure to state a claim under [Rule] 12(b)(6) and for lack of subject matter jurisdiction under [Rule] 12(b)(1)". Resp. to Sur-Reply at 6 (citing *Hall*, 2017 WL 2992097, at *1).

Accordingly, the United States has shown that substantially identical issues were raised in the prior proceeding, and this requirement is met.

<u>Whether the issues were actually litigated and decided in the previous proceeding</u>. The United States argues that the issues raised by Mr. Hall here have been actually litigated and decided in the District Court Action – and indeed, that they were "twice litigated, and decided, on the United States' motions to dismiss" there. Resp. to Sur-Reply at 7.

This requirement requires the movant to show that the issue was "raised by the pleadings or otherwise placed in issue." *Evans v. Ottimo*, 469 F.3d 278, 282 (2d Cir. 2006). And as this Court has noted, "a full trial on the merits is not a prerequisite for collateral estoppel to apply." *In re Birnbaum*, 513 B.R. at 801.

Here, the record shows that Mr. Hall filed both a Complaint and an Amended Complaint in the District Court Action. That court construed his claims to be, in substance, a wrongful levy action under IRC Section 7426 and a challenge to a jeopardy levy under IRC Section 7426. *See Hall*, 2017 WL 2992097, at *2 (dismissing Complaint and allowing leave to replead); *Hall v. United States*, 2018 WL 1368044, at *2 (E.D.N.Y. Mar. 16, 2018) (adopting Report and Recommendation dismissing Amended Complaint except as to recommendation "that the action be dismissed with prejudice"). The United States moved to dismiss Mr. Hall's Complaint and Amended Complaint on grounds, among others, that the court lacked subject matter jurisdiction

to hear the claims, and the matters were fully briefed and considered in that court. And the District Court decided both motions to dismiss in favor of the United States, on grounds, among others, that subject matter jurisdiction was lacking, and dismissed the complaints without prejudice, in thoughtful and thorough decisions.

Accordingly, the United States has shown that Mr. Hall had a full and fair opportunity to litigate the issues in the prior proceeding, and this requirement is met.

Whether Mr. Hall had a full and fair opportunity to litigate the issues in the previous proceeding. The United States argues that Mr. Hall had a full and fair opportunity to litigate the issues in the District Court Action – and again, that Mr. Hall had "two prior opportunities to litigate [his Section] 7429 claim before the District Court." Resp. to Sur-Reply at 7.

This requirement calls for the Court to consider whether the party against whom collateral estoppel is invoked – here, Mr. Hall – "was fully able to raise the same factual or legal issues" in the prior proceeding. *LaFleur v. Whitman*, 300 F.3d 256, 274 (2d Cir. 2002).

Here again, the record shows that in the District Court Action, Mr. Hall had two opportunities, in the form of his Complaint and Amended Complaint, to state his claims. In response to both complaints, the United States successfully sought dismissal of the action on grounds, among others, that the court did not have subject matter jurisdiction to proceed. And the docket in that action confirms that there was no rush to judgment – instead, it confirms that the matter was pending for nearly two years, and that Mr. Hall had the opportunity to participate in every stage of the proceedings, including in connection with dispositive motion practice and a case conference.

Accordingly, the United States has shown that the issues were actually litigated and decided in the prior proceeding, and this requirement is met.

Whether the resolution of the issues was necessary to support a valid and final judgment on the merits in the previous proceeding. The United States argues that the resolution of the issues here was necessary to support a valid and final judgment on the merits in the District Court Action. It acknowledges, as it must, that "a dismissal for lack of subject matter jurisdiction is not considered an adjudication on the merits of the underlying claim." Resp. to Sur-Reply at 7. But it points to the decisions of several courts that have found that "such a dismissal retains preclusive effect for collateral estoppel purposes with respect to the specific jurisdictional issue decided." Resp. to Sur-Reply at 8 (citing cases).

The question of whether an issue was necessary to the court's decision in the previous proceeding serves as a prudential limitation on the scope of the collateral estoppel doctrine – which can have the effect of depriving a party of its day in court, if all of the requirements are met. As this Court observed in a different context, applying a similar provision of New York State's collateral estoppel rule, "if the first court did not need to decide the particular issue in order to reach its conclusion the second court should not defer to its ruling." *Plaza v. Heilbron* (*In re Heilbron*), 2020 WL 259563, at *13 (Bankr. E.D.N.Y. Jan. 15, 2020).

And here, the record shows that in the District Court Action, the court took care to state that in dismissing the Amended Complaint, the dismissal was without prejudice. In adopting the report and recommendation of the Magistrate Judge in part, the District Court observed that a "'dismissal for failure to exhaust available administrative remedies should be "without prejudice" as [the Second Circuit has] previously ruled,'" and dismissed the District Court Action without prejudice. District Court Action, ECF No. 24, slip op. at 3 (quoting *Standard Inv. Chartered, Inc.*, 560 F.3d at 124).

To be sure, courts have held that under the appropriate circumstances, a dismissal for lack

of personal or subject matter jurisdiction can nevertheless serve as a basis for the application of collateral estoppel. As the Second Circuit observed, "[a]lthough a dismissal for lack of jurisdiction is not an adjudication on the merits of a claim, . . . such a dismissal precludes re-litigation of the issue it decided." *Stengel*, 486 F. App'x at 183. In *Stengel*, the court considered whether the district court correctly applied principles of *res judicata* to dismiss a complaint for, among other reasons, lack of personal jurisdiction, and observed that "we are mindful that on three prior occasions, New York federal and state courts have dismissed Stengel's claims arising out of the same facts alleged here," including the disputed question of personal jurisdiction. *Stengel*, 486 F. App'x at 182.

Here, the United States argues – and argued in the District Court – that Mr. Hall's failure to exhaust his administrative remedies is fatal to certain of his claims. Those arguments, among others, persuaded the District Court to grant its motions to dismiss the District Court Complaint and District Court Amended Complaint. Those arguments, among others, have also convinced this Court that the United States has shown that its Motion to Dismiss should be granted. But this Court declines the invitation to conclude that the record made in the District Court and the District Court Decision amount to the resolution of the issues in a final judgment *on the merits* in the previous proceeding.

Accordingly, the United States has not shown that the resolution of the issues was necessary to support a valid and final judgment on the merits in the previous proceeding.

* * *

In sum, the United States has shown that the issues were actually litigated and decided in the District Court Action. It has also shown that Mr. Hall had a full and fair opportunity to litigate the issues in the District Court Action. And it has shown that Mr. Hall had a full and fair

opportunity to litigate the issues in the District Court Action. But it has not shown that that the resolution of the issues was necessary to support a valid and final judgment on the merits in the previous proceeding.

**Conclusion**

For the reasons stated herein, and based on the entire record, the Motion to Dismiss of the United States, appearing here on behalf of the Internal Revenue Service under Federal Rule of Civil Procedure 12(b)(6), on grounds that Mr. Hall does not state a claim upon which relief may be granted, and under Federal Rule of Civil Procedure 12(b)(1), on grounds that this Court lacks subject matter jurisdiction to hear these claims, is granted, and the Complaint is dismissed.

An order in accordance with this Memorandum Decision shall be entered simultaneously herewith.

**Dated: Brooklyn, New York**
**May 11, 2021**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**